UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-20311-CR-WILLIAMS

UNITED STATES OF AMERICA,

     Plaintiff,

v.

ESTEBAN EDUARDO MERLO HIDALGO,
CRISTIAN PATRICIO PINTADO GARCIA, and
LUIS LENIN MALDONADO MATUTE,

     Defendant.

_____/

## FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

The United States Department of Justice, Criminal Division, Fraud Section (the "government"), and the Defendant, Cristian Patricio Pintado Garcia (the "defendant"), stipulate and agree that the information stated herein is true and accurate and a sufficient basis for the defendant's plea of guilty to the money laundering conspiracy in violation of Title 18, United States Code, Section 1956(h) charged in the instant case (Count 3). Had this matter proceeded to trial, the defendant stipulates and agrees that the government would have proven the facts alleged below beyond a reasonable doubt and the forfeiture allegations set forth in the Indictment by a preponderance of the evidence.

Seguros Sucre S.A. ("Seguros Sucre") and Seguros Rocafuerte S.A. ("Seguros Rocafuerte") were state-owned and state-controlled insurance companies in Ecuador which performed government functions for and on behalf of Ecuador and were therefore "instrumentalities" of the Ecuadorian

government and their employees were "foreign officials. *See* 15 U.S.C. §§ 78dd-2(h)(2)(A) and dd-3(f)(2)(A).

The defendant was an Ecuadorian and Italian dual citizen who resided in Costa Rica during the relevant time period and acted as general manager of two companies registered in Panama and Ecuador, operated in Miami, Florida, and which acted as intermediaries for reinsurance companies (collectively, "Intermediary Company"). Intermediary Company helped companies, including two U.K.-based reinsurance brokers, H.W. Wood Limited ("H.W. Wood") and Tysers Insurance Brokers Limited (formerly known as and doing business during the relevant period as Integro Insurance Brokers Limited or "Integro"), obtain and retain reinsurance business with Seguros Sucre and Seguros Rocafuerte in exchange for receiving a commission.

Between in or around 2013 and in or around 2018, the defendant and others, including Esteban Eduardo Merlo Hidalgo ("Merlo") and Luis Lenin Maldonado Matute ("Maldonado"), knowingly engaged in a conspiracy to conduct monetary transactions by, through, or to financial institutions, affecting interstate commerce in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, namely (a) a felony violation of the FCPA, Title 15 United States Code, Section 78dd-2, and (b) an offense against a foreign nation, specifically Ecuador, involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official, in violation of Title III, Article 290 of Ecuador's 1971 Penal Code and Article 280 of Ecuador's 2014 Penal Code. The defendant knew that this conduct was unlawful.

For example, on or about March 23, 2017, the defendant caused a wire transfer in the amount of approximately $87,488 from an account held in the name of Intermediary Company in Panama to an account in Merlo's name in the Southern District of Florida.

This payment was one of several payments which constituted proceeds of an illegal bribery scheme in which the defendant, Merlo, Maldonado, and others, over the course of several years, paid at least approximately $2,796,747 in bribes to several Ecuadorian officials, including Juan Ribas Domenech ("Ribas"), the chairman of Seguros Sucre and Seguros Rocafuerte and an

advisor to the then-President of Ecuador who had authority over the awarding of Seguros Sucre and Seguros Rocafuerte business during the relevant time period, in order to influence those officials in their official capacity and to secure an improper advantage in order to assist the defendant and others in obtaining and retaining business for Intermediary Company, H.W. Wood, and Integro with Seguros Sucre and Seguros Rocafuerte (the "illegal bribery scheme"). The defendant understood that the payments he received or caused to be made to or for the benefit of his co-conspirators were derived, in whole or in part, from the proceeds of the illegal bribery scheme and the business Intermediary Company corruptly obtained from Seguros Sucre and Seguros Rocafuerte.

Through the illegal bribery scheme described above, accounts in defendant's name received approximately $2,956,720.00. The defendant knew that this conduct was unlawful.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for the defendant's guilty plea to the charge against him. It does not include all the facts known to the defendant concerning criminal activity in which the defendant and others engaged. The defendant makes this statement knowingly and voluntarily and because he is in fact guilty of the crime charged.

Date: 4/23/25

LORINDA I. LARYEAA
ACTING CHIEF, FRAUD SECTION
DEPARTMENT OF JUSTICE

By: _____
KATHERINE RAUT
ASSISTANT CHIEF
PATRICK BROWN
TRIAL ATTORNEY

DATE: 4/16/25

ANDREW S. FELDMAN, ESQ.
SIGFREDO RUBIO, ESQ.
ATTORNEYS FOR DEFENDANT

DATE: 4/16/25

CRISTIAN PATRICIO PINTADO
GARCIA
DEFENDANT